```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

CAROL S. GINTHER,                :

       Plaintiff,              :

   v.                            :        Case No. 2:09-cv-00189

MICHAEL J. ASTRUE,               :        Judge Holschuh
Commissioner of Social Security,
                                  :        Magistrate Judge Kemp
       Defendant.

## ORDER

This matter is before the Court to consider de novo the Commissioner's objections to a Report and Recommendation of the Magistrate Judge recommending that judgment be entered in favor of the plaintiff. Plaintiff has filed a response. For the following reasons, those objections will be overruled and judgment will be entered for the plaintiff.

The recommendation to remand this case to the Commissioner for further proceedings was based on the perceived inadequacy of the rationale given in the administrative decision for choosing the opinion of a state agency reviewer over the opinion of plaintiff's treating physician, Dr. Beam. In particular, the Report and Recommendation focused on the generality of the statement that Dr. Beam's opinion was not supported by the overall medical evidence in the case, without any specific medical evidence having been cited in support of that statement, and the apparent failure to recognize that Dr. Beam's opinion was based on the type of objective evidence that is used by physicians in fibromyalgia cases and could not simply be dismissed as resting on the subjective complaints presented by the plaintiff. The Report and Recommendation also noted that the state agency reviewers' opinions did not take plaintiff's

fibromyalgia into account because the records of the diagnosis and treatment of that disease post-dated the issuance of the reviewers' opinions.

In his objections, the Commissioner argues that, if the administrative decision is read as a whole, there is more support for the rejection of Dr. Beam's opinion than the reason focused on in the Report and Recommendation.  The Commissioner also notes that the administrative decision's reliance on state agency reviewers who did not factor plaintiff's fibromyalgia into their findings is acceptable as long as the record shows that the Administrative Law Judge was aware of the later reports about that impairment and took them into account in fashioning a residual functional capacity finding.  Finally, the Commissioner contends that part of the recommendation was based on a letter from Dr. Beam that was not an exhibit before the ALJ.

The Court has reviewed the administrative decision's overall discussion of Dr. Beam's report and agrees with the Magistrate Judge that the statement of reasons for rejecting it in total is inadequate under Wilson v. Comm'r of Social Security, 378 F.3d 541, 544 (6th Cir. 2004) and Rogers v. Comm'r of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).  The issue is not simply where, in the administrative decision, those reasons are given - although the Court should ordinarily not have to sift through a lengthy discussion which purports to be addressing a different issue, such as the claimant's credibility, to see if that discussion contains additional reasons for rejecting the treating physician's opinion - but the fact that, even in the credibility discussion, there is no clearly-articulated rationale given for rejecting the treating physician's opinion that satisfies the articulation principle set out in Wilson and Rogers.  For that reason alone, a remand would be appropriate.  It is even more appropriate here where the administrative decision does appear to

focus extensively on the lack of objective evidence supporting limitations due to fibromyalgia in the face of Dr. Beam's statement, contained in a record that was before the ALJ (Tr. 196) that Dr. Beam addressed the issue of disability from an objective viewpoint.  Additionally, although there certainly may be cases where reliance on a state agency reviewer's opinion that does not take into account after-developed evidence is reasonable, that is not so here where it cannot be determined exactly why the Commissioner gave no weight to that evidence and essentially concluded that plaintiff's fibromyalgia produced no limitations beyond those caused by her other, less recent, impairments.  Consequently, the Court finds that the Commissioner's objections are without merit.

For these reasons, the Commissioner's objections to the Report and Recommendation of the Magistrate Judge are OVERRULED, and the Report and Recommendation is ADOPTED.  The plaintiff's statement of errors is SUSTAINED, the decision of the Commissioner is REVERSED, and this case is REMANDED to the Commissioner pursuant to 42 U.S.C. §405(g), sentence four.  The Clerk is directed to enter a judgment to that effect.

**IT IS SO ORDERED.**

Date: March 12, 2010  **/s/ John D. Holschuh**
　　　　　　　　　　　　　　　　　John D. Holschuh, Judge
　　　　　　　　　　　　　　　　　United States District Court